**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **MICHELLE WILSON,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CAUSE NO: 1:16-cv-3508** |
| **JUSTUS PROPERTY MANAGEMENT, INC.,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Michelle Wilson ("Plaintiff"), by counsel, and hereby files her *Complaint and Demand for Jury Trial* to bring this lawsuit against the Defendant, Justus Property Management, Inc. ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

**I. PARTIES**

1. Plaintiff is an individual who has resided within the Southern District of Indiana, Indianapolis Division, at all times relevant to this action.

2. Defendant is a corporation that operates and conducts business in the Southern District of Indiana, Indianapolis Division.

**II. JURISDICTION AND VENUE**

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 2000e-(5)(f)(3), 42 U.S.C. § 1981, and 42 U.S.C. § 1988.

4. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5. Defendant is an "employer" within the meaning of 2000e(b).

6. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received her "Dismissal and Notice of Rights" from the EEOC and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences giving rise to this lawsuit occurred within the geographical environs of the Southern District of Indiana, Indianapolis Division, and both parties are residents thereof.

9. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is a Caucasian female.

11. Plaintiff began her employment with Defendant in or about May, 2015, in a house keeping and maintenance role.

12. Throughout her employment with Defendant, Plaintiff was subjected to sex-based harassment.

13. The sex-based harassment to which Plaintiff was subjected was severe and pervasive.

14. By way of example, but not limitation, David Carr ("Carr"), Plaintiff's co-worker and an African-American male, frequently and continuously made inappropriate sexual comments to Plaintiff and inappropriately and sexually touched Plaintiff.

15. As another example, Brent Diamond ("Diamond"), Plaintiff's co-worker and an African-American male, frequently and continuously made derogatory sex-based comments to Plaintiff, including, but not limited to, calling her a "mother fucking bitch."

16. Additionally, throughout her employment with Defendant, Plaintiff was held to a higher standard than other, similarly-situated employees who are male.

17. Plaintiff was also subjected to race- and color-based harassment throughout her employment with Defendant.

18. The race- and color-based harassment to which Plaintiff was subjected was severe and pervasive.

19. By way of example, but not limitation, of this race- and color-based harassment, Diamond frequently and continuously called Plaintiff a “mother fucking cracker.”

20. Additionally, throughout her employment with Defendant, Plaintiff was held to a higher standard than other, similarly-situated employees who are African-American.

21. On multiple occasions, Plaintiff reported and complained about this discrimination and harassment based on her sex, race and color to Amanda Tarter (“Tarter”), Plaintiff’s immediate supervisor and a Caucasian female.

22. Plaintiff’s actions in this regard constitute protected activity under Title VII.

23. Tarter took no action in response to Plaintiff’s complaints.

24. Tarter also informed Plaintiff that she typically only hires African-American males.

25. Plaintiff then reported and complained about this discrimination and harassment based on her sex, race, and color to Denise Zoncowski (“Zoncowski”), Defendant’s Regional Manager and a Caucasian female.

26. Plaintiff’s conduct in this regard constitutes protected activity under Title VII.

27. In response to her complaint, Zoncowski told Plaintiff to “suck it up and go back to work.”

28. Defendant constructively discharged Plaintiff on or about January 27, 2016.

29. At all times relevant to this action, Plaintiff met or exceeded Defendant's legitimate performance expectations.

30. Defendant discriminated against Plaintiff based on her sex in violation of Title VII.

31. Defendant subjected Plaintiff to a hostile work environment based on her sex in violation of Title VII.

32. Other, similarly-situated employees who are male have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

33. Defendant discriminated against Plaintiff based on her race and/or color in violation of Title VII and Section 1981.

34. Defendant subjected Plaintiff to a hostile work environment based on her race and/or color in violation of Title VII and Section 1981.

35. Other, similarly-situated employees who are African-American have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

36. Defendant retaliated against Plaintiff for her statutorily-protected complaint of discrimination and harassment based on sex, race and color in violation of Title VII.

37. Other, similarly-situated employees who did not make statutorily-protected complaints of discrimination and harassment have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Defendant.

## IV. LEGAL ALLEGATIONS

### COUNT I – TITLE VII – RACE/COLOR DISCRIMINATION

38. Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint as if the same were set forth at length herein.

39. Defendant took adverse employment actions against Plaintiff based on her race and/or color.

40. Other, similarly-situated employees who are African-American were treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II – TITLE VII – RACE/COLOR HARASSMENT

42. Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of her Complaint as if the same were set forth at length herein.

43. Plaintiff was harassed and subjected to a hostile work environment based on her race and/or color.

44. The harassment of Plaintiff in this regard was severe and pervasive.

45. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III – TITLE VII – SEX DISCRIMINATION

46. Plaintiff hereby incorporates paragraphs one (1) through forty-give (45) of her Complaint as if the same were set forth at length herein.

47. Defendant took adverse employment actions against Plaintiff based on her sex.

48. Other, similarly-situated employees who are male were treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

**COUNT IV – TITLE VII – SEX HARASSMENT**

50. Plaintiff hereby incorporates paragraphs one (1) through forty-nine (49) of her Complaint as if the same were set forth at length herein.

51. Plaintiff was harassed and subjected to a hostile work environment based on her sex.

52. The harassment of Plaintiff in this regard was severe and pervasive.

53. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

**COUNT V – TITLE VII – RETALIATION**

54. Plaintiff hereby incorporates paragraphs one (1) through fifty-three (53) of her Complaint as if the same were set forth at length herein.

55. Defendant took adverse employment actions against Plaintiff in retaliation for her statutorily-protected complaint of discrimination and harassment based on sex, race and color.

56. Other, similarly-situated employees who did not make statutorily-protected complaints of discrimination and harassment have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Defendant.

57. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

**COUNT VI – SECTION 1981 – RACE/COLOR DISCRIMINATION**

58. Plaintiff hereby incorporates paragraphs one (1) through fifty-seven (57) of her Complaint as if the same were set forth at length herein.

59. Defendant took adverse employment actions against Plaintiff based on her race and/or color.

60. Other, similarly-situated employees who are African-American were treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

61. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981.

**COUNT VII – SECTION 1981 – RACE/COLOR HARASSMENT**

62. Plaintiff hereby incorporates paragraphs one (1) through sixty-one (61) of her Complaint as if the same were set forth at length herein.

63. Plaintiff was harassed and subjected to a hostile work environment based on her race and/or color.

64. The harassment of Plaintiff in this regard was severe and pervasive.

65. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, Michelle Wilson, respectfully requests that this Court enter judgment in her favor and order that:

1. Defendant be enjoined from engaging in future discrimination, harassment and/or retaliation regarding Plaintiff;

2. Defendant reinstate Plaintiff to the same position, salary and seniority that she had just prior to the termination of her employment, or pay front pay and benefits to her in lieu thereof;

3. Defendant pay lost wages and benefits to Plaintiff;

4. Defendant pay compensatory and punitive damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ John H. Haskin*

John H. Haskin, Attorney No. 7576-49

*s/ Natalie R. Dickey*

Natalie R. Dickey, Attorney No. 25294-41

*s/ Spenser G. Benge*

Spenser G. Benge, Attorney No. 33955-48
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
ndickey@jhaskinlaw.com
sbenge@jhaskinlaw.com
Attorneys for Plaintiff
Michelle Wilson

**DEMAND FOR JURY TRIAL**

Plaintiff, Michelle Wilson, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully Submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49